IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEITH R. WARNOCK                                                    PLAINTIFF

vs.                                Civil No. 2:10-cv-02146

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Keith R. Warnock ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on February 24, 2009. (Tr. 10, 124-127).

In his applications, Plaintiff alleged he was disabled due to high blood pressure, Type 2 diabetes,

residuals of a stroke (short term memory loss), body weakness, inability to handle stress, dizziness,

frequent depression and mood swings, Reiter's Syndrome, and knee pain. (Tr. 151).  Plaintiff alleged

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

an onset date of July 22, 2008. (Tr. 124). These applications were denied initially and again on

reconsideration. (Tr. 64-67).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted. (Tr. 85-89, 34-63). An administrative hearing was held on January 4, 2010 in

Fort Smith, Arkansas. (Tr. 34-63). At this administrative hearing, Plaintiff was present and was

represented by counsel, Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin

testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-five (55) years old, which

is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and had completed

the eleventh grade in school. (Tr. 38).

On May 28, 2010, the ALJ entered an unfavorable decision on Plaintiff's disability

applications. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status

requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined

Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 22, 2008, his alleged

onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

Type 2 diabetes mellitus, left shoulder impingement, and osteoarthritis of the knees. (Tr. 12-14,

Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination

of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 14-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they

were not entirely credible. (Tr. 14-16). Second, the ALJ determined Plaintiff retained the RFC for

the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally kneel, crouch, and crawl. . . . [He] can perform occasional overhead reaching with the left upper extremity. He is left hand dominant.

(Tr. 174, Finding 5). Light work includes the following:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined his PRW included work as a furniture inspector (light, semi-skilled) and surveillance system monitor (sedentary, semi-skilled). (Tr. 16, Finding 6). Based upon his RFC, the ALJ determined Plaintiff retained the capacity to perform this PRW both as a furniture inspector and as a surveillance system monitor. *Id.* Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 22, 2008 through the date of her decision or through May 28, 2010. (Tr. 17, Finding 7).

On June 2, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 4). *See* 20 C.F.R. § 404.968. On September 16, 2010, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On September 30, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 9, 2010. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case

is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff raises the following three arguments: (A) the ALJ erred in her RFC determination; (B) the ALJ erred in her Step Four Analysis; and (C) the ALJ erred in her credibility determination.  ECF No. 11 at 11-17.  In response, Defendant argues that substantial evidence supports the ALJ's decision that Plaintiff was not disabled within the meaning of the Act.  ECF No. 12 at 3-13.  Specifically, Defendant argues the ALJ properly discounted Plaintiff's credibility, properly evaluated Plaintiff's RFC, properly developed the record, and properly supported her Step Four Analysis.  ECF No. 12 at 3-14.  Because the ALJ improperly assessed Plaintiff's RFC and failed to properly consider whether Plaintiff needed to take frequent bathroom breaks, this Court

will only address that issue.

In Plaintiff's appeal brief, he argues that he is unable to sustain gainful employment because he requires frequent bathroom breaks. ECF No. 11 at 14. Plaintiff also addressed this issue at the administrative hearing in this matter:

> Q:   We talked a little about the blood pressure and you were talking about the diabetes. Do you have to take a lot of restroom breaks?
>
> A:   Oh, yes I do.
>
> Q:   I noticed that when we got here you had to run to the restroom.
>
> A:   Well, that was the second time I been to the restroom since I got here.
>
> Q:   How often are you having to go from the combination of either the water pills or the diabetes?
>
> A:   And due to the fact that I drink a lot of water anyway, because I just do. I drink a lot of water because of the medications and stuff I take. I'd say about every 20 to 30 minutes I have to go to the bathroom and I can wait no longer than 45.

(Tr. 51-52).

Plaintiff's testimony regarding his frequent bathroom breaks was also supported by the findings of his treating physician, Dr. John R. Williams, M.D. On August 3, 2009, Plaintiff reported having problems with renal insufficiency. (Tr. 241-242). During his appointments on November 18, 2009 and December 16, 2009, Plaintiff again complained of renal insufficiency. (Tr. 239-241). Indeed, on December 16, 2009, Plaintiff was seen by Dr. Williams with the chief complaint of decreased renal function. (Tr. 239). Despite these subjective complaints and the medical records supporting them, the ALJ entirely failed to consider Plaintiff's limitations in renal functioning in her RFC assessment. Based upon the record, it appears if Plaintiff were required to take frequent

bathroom breaks, he may be precluded from performing his PRW.[2]  Accordingly, this case must be reversed and remanded for further evaluation of whether Plaintiff requires frequent bathroom breaks and, if so, whether those bathroom breaks preclude him from performing his PRW or other work existing in significant numbers in the national economy.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13ᵗʰ day of October, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] The VE testified that if a hypothetical individual needed to take breaks of five to ten minutes per hour, that individual could not perform Plaintiff's PRW without accommodation.  (Tr. 60).